UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARI ANNE M., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-CV-02830 |
| | § | |
| FRANK BISIGNANO, | § | |
| COMMISSIONER OF SOCIAL SECURITY | § | |
| *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees.[1] ECF 16; ECF 17.  Plaintiff seeks an award of attorney's fees in the amount of $5,471.09 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  Plaintiff represents that Defendant is unopposed to the relief requested.  ECF 17-7.  Having considered Plaintiff's submissions and the law, the Motion is GRANTED IN PART for the reasons discussed below.

Plaintiff filed a Complaint pursuant to 42 U.S.C. § 405(g) seeking review of the Commissioner's final decision denying her application for Disability Insurance Benefits.  ECF 1.  Plaintiff filed a Motion for Summary Judgment (ECF 9) and in response the Commissioner filed an Unopposed Motion to Remand.  ECF 14.  On

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 3.

January 9, 2026, the Court granted the Motion, reversing the Commissioner's decision and remanding the case for further proceedings pursuant to 42 U.S.C. § 405(g). ECF 15. Thus, Plaintiff is the prevailing party and is entitled to an award of reasonable attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993) (holding that a plaintiff who obtains a remand order is a prevailing party); *Banks v. Berryhill*, Civil Action No. 4:18-cv-0239, 2019 WL 2084539, at *1 (N.D. Tex. May 13, 2019) (holding that "[a]ny attorneys' fees awarded under the EAJA must be reasonable.").

The EAJA sets the rate for attorney's fees at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor" justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii). The court has wide discretion to increase the statutory hourly rate. *Martha V. v. Kijakazi*, No. 4:21-CV-3267, 2023 WL 5186869, at *2 (S.D. Tex. Aug. 10, 2023). To determine a reasonable rate, district courts in the Fifth Circuit adjust the current $125.00 statutory rate using the average Consumer Price Index for the region where the work was performed for the specific year in which the work was performed.[2] *See Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the district court "to segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis").

---

[2] The CPI for the Houston-The Woodlands-Sugar Land TX region can be found at https://data.bls.gov/timeseries/CUURS37BSA0?amp%%20253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited April 1, 2026).

Specifically, the court compares the CPI for this region in 1996 when the $125.00 rate was established and the CPI for the year in which the work was performed to arrive at a differential and then multiplies that differential by $125.00 per hour. *See Angela C. v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4551207, at *2 (S.D. Tex. June 28, 2023) (calculating the 2022 hourly rate of $226.58 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2022 CPI of 258.66, or 181.26, by $125.00), *report and recommendation adopted sub nom. Collum v. Kijakazi*, No. 4:22-CV-0904, 2023 WL 4549594 (S.D. Tex. July 14, 2023); *Martha V.*, 2023 WL 5186869, at *3 (calculating the 2023 hourly rate of $232.30 by multiplying the percentage difference between the 1996 CPI of 142.7 and the 2023 CPI for the first half of 2023 of 265.194, or 184.68, by $125.00). The EAJA allows for recovery of paralegal fees at prevailing market rates. *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). As to hours, counsel in cases of this kind in this district typically request fees for 20-40 hours of work. *Angela C.*, 2023 WL 4551207, at *2; *Martha V.*, 2023 WL 5186869, at *2.

Plaintiff seeks fees for 19.70 hours of attorney work at a rate of $245.36 per hour.[3] ECF 17 at 2. Plaintiff seeks fees for 5.10 hours of paralegal work at a rate of

---

[3] According to Plaintiff's records, 19.00 attorney hours are from 2025 and 0.70 were from 2026. ECF 17-3 at 2-3.

$125 per hour.[4]  *Id.*  These hours at the listed rates would result in an award of $5,471.09.  *Id.*

According to the Court's calculation, the adjusted attorney rate for the Houston-The Woodlands-Sugarland, TX area in 2025 is approximately $243.29 per hour according to the above-described method.  Recent decisions from this District arrived at 2025 adjusted hourly rates of $242.49 and $243.69 for attorneys.  *See Justin Jayde H. v. Bisignano*, No. 4:24-CV-4499, 2025 WL 2531503, at *3 (S.D. Tex. Sept. 3, 2025); *N.H.M. v. Comm'r of Soc. Sec.*, No. 4:24-CV-03634, 2025 WL 2687867, at *1 (S.D. Tex. Sept. 19, 2025).  Using the CPI information available for the beginning of 2026, the Court calculates a rate of approximately $244.60 per hour for 2026.  As recently as November 2025, this Court recognized a rate of $100 per hour for paralegal work in the EAJA context.  *Jones v. Comm'r of Soc. Sec. Admin.*, No. 4:24-CV-4500, 2025 WL 3488667, at *2 (S.D. Tex. Nov. 7, 2025), *report and recommendation adopted sub nom. Jones v. Comm'r of Soc. Sec.*, No. 4:24-CV-04500, 2025 WL 3487707 (S.D. Tex. Dec. 4, 2025).  The Court finds the hours reasonable.

---

[4] According to Plaintiff's records, 2.90 paralegal hours are from 2025 and 2.20 are from 2026. ECF 17-4 at 2.

The claimed attorney hours at the Court's calculated rates would result in $4,793.73 in attorney fees. At the reduced $100 paralegal rate, the total for the 5.10 hours would be $510. The total reasonable fee award is $5,303.73.

For the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion (ECF 16) be GRANTED IN PART and Plaintiff be AWARDED $5,303.73 in fees under 28 U.S.C. § 2412.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 02, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge